UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS JUAREZ,<br><br>                    Plaintiff,<br><br>        v.<br><br>J. LYNCH, *et al.*,<br><br>                    Defendants. | Case No.  2:22-cv-01600-JDP (PC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS ACTION AND THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE GRANTED<br><br>ECF No. 2<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED<br><br>ECF No. 1<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff, a state prisoner, alleges that defendants acted with deliberate indifference when they declined to treat another inmate named Pentojas after that inmate declared himself to be suicidal. ECF No. 1 at 4. Pentojas later died, and plaintiff claims that he experienced psychological distress because the other inmate had been a good neighbor to him. *Id.* This claim is non-cognizable, and I will recommend that it be dismissed. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

**Screening Order**

**I.    Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff lacks standing to bring a claim on behalf of Pentojas or his estate. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."); *Weaver v. Wilcox*, 650 F.2d 22, 27 (3rd Cir. 1981) ("[A]n inmate does not have standing to sue on behalf of his fellow prisoners. Rather, the prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights."). And plaintiff cannot make the alleged violations of Pentojas' rights into his own by alleging that he suffered psychological distress at having witnessed them. Under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff has not alleged that

he suffered any physical injury associated with Pentojas' alleged lack of care. The dictate that inmates may sue only on their own behalf would be easily circumvented if inmates could co-opt any other inmate's claim merely by alleging that they suffered mental harm by having witnessed a violation of another's rights.

I find that leave to amend is unwarranted because the defects in the complaint cannot be remedied.

Accordingly, it is ORDERED that:

1. The Clerk of Court is directed to assign a district judge to this action.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

Further, it is RECOMMENDED that this action be dismissed without leave to amend.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   November 10, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE